UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID S. GRONIK, JR., et al.,
    Plaintiffs,

v.                               Case No. 10-CV-00954

NORMAN BALTHASAR, et al.,
    Defendants and
    Third-Party Plaintiffs,

v.

SHOREWEST REALTORS, INC., et al.,
    Third-Party Defendants.

    and

OPIO BOAT MOON, LLC, et al.,
    Plaintiffs,

v.                               Case No. 11-CV-697

CHUBB INDEMNITY INSURANCE COMPANY,
    Defendant.

---

## DECISION AND ORDER

There are two motions ready for decision in *Gronik, et al. v. Balthasar, et al.*, Case No. 10-CV-00954: a motion for a protective order by plaintiffs, and a motion to intervene and to bifurcate and stay by West Bend Mutual Insurance Company ("West Bend"). Plaintiffs seek a protective order barring discovery of part of plaintiff Mary Gronik's mental health records. Having reviewed the documents at issue in camera, I believe it is likely that they will be discoverable. However, I will defer ruling on plaintiffs' motion until after the upcoming mediation. Therefore, I will only address West Bend's motion.

West Bend is the general liability insurer for third-party defendant Shorewest Realtors, Inc. ("Shorewest"). On February 5, 2013, Shorewest notified West Bend about this lawsuit and asked West Bend to defend it. West Bend moves to intervene under Fed. R. Civ. P. 24(a) so it can bring a claim against Shorewest seeking a declaration that its policy does not require it to defend or indemnify Shorewest. The motion to intervene is unopposed, and I conclude that I have supplemental jurisdiction over West Bend's claim under 28 U.S.C. § 1367(a) because the claim is part of the same case or controversy as the other claims in this action. Section 1367(b) prohibits a federal court from exercising supplemental jurisdiction in diversity cases over claims by persons "seeking to intervene as plaintiffs under Rule 24," but West Bend is intervening as a defendant. *See* 16 James Wm. Moore, et al., Moore's Federal Practice § 106.46 (3d Ed.) ("[N]on-plaintiff intervenors entitled to the exercise of supplemental jurisdiction for their claims are those who must intervene to defend or protect interests put at issue by the original action . . . ."). Therefore, I will grant the motion to intervene.

West Bend also moves to bifurcate and stay proceedings on the merits of plaintiffs' claims until I resolve its coverage dispute with Shorewest. Fed. R. Civ. P. 42(b) gives me authority to bifurcate the proceedings in a case if it would "prevent prejudice to a party or promote judicial economy." *Chlopek v. Federal Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). I do not believe either of these goals would be served by bifurcating the case at this stage of the proceedings. Discovery is scheduled to close tomorrow, June 1, 2013, and the deadline for dispositive motions is approaching. Thus, I will deny the motion to bifurcate and stay.

**THEREFORE, IT IS ORDERED** that West Bend Mutual Insurance Company's motion to intervene and file a claim against Shorewest Realtors, Inc. (Docket #465) is **GRANTED**.

**IT IS FURTHER ORDERED** that West Bend Mutual Insurance Company's motion to bifurcate and stay (Docket #465) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of May 2013.

                                            s/ Lynn Adelman
                                            _____
                                            LYNN ADELMAN
                                            District Judge