UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID S. GRONIK, JR., et al.,
    Plaintiffs,

v.                               Case No. 10-CV-00954

SUSAN BALTHASAR, et al.,
    Defendants,

    and

SHOREWEST REALTORS, INC.,
CONTINENTAL CASUALTY COMPANY, and
ANNE SCHWARTZ,
    Third-Party Defendants,

    and

OPIO BOAT MOON, LLC, et al.,
    Plaintiffs,

v.                               Case No. 11-CV-00697

CHUBB INDEMNITY INSURANCE COMPANY,
    Defendant.

---

## DECISION AND ORDER

On September 19, 2013, I granted plaintiffs' motion to approve a minor settlement in Case No. 10-CV-00954. Before me now is plaintiffs' motion to seal that motion (Docket #566) and the affidavit and exhibits submitted in support of it (Docket #567).

Since the documents plaintiffs seek to seal are part of the judicial record and formed part of the basis for one of my rulings, it is presumed that they will be open to public view. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). This is because

courts are public institutions and the public has an interest in what goes on at all stages of a judicial proceeding. *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). Plaintiffs attempt to rebut the presumption of public access, but it is not easily rebutted. As the Seventh Circuit has noted, "[I]t's difficult to imagine what arguments or evidence parties wanting to conceal the amount or other terms of their settlement (apart from terms that would reveal trade secrets or seriously compromise personal or institutional privacy or national security) could present to rebut the presumption of public access to judicial records." *Goesel*, 738 F.3d at 835.

First, plaintiffs argue that the documents contain settlement terms that the parties agreed would remain confidential. This is not a sufficient reason to seal documents. The parties' agreement is not binding on this court, *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014), and the fact that the parties do not want to disclose the terms of their settlement is not a legitimate reason for withholding documents from public view. *Goesel*, 738 F.3d at 835.

Second, plaintiffs argue that the documents contain the minors' personal identifying information. The "privacy of children" is a potential factor influencing the presumption of access. *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). However, some of the identifying information has already been disclosed because the minors are named as plaintiffs under their first initials and last names. Therefore, it will not violate their privacy to publicly disclose the terms of the settlement agreement. The only potentially sensitive information that has not been previously disclosed are the minors' full names, which are included in the formal settlement agreement in Exhibit A and B to the Affidavit of Scott R. Halloin (Docket #567-1, 567-2), and the details about their medical histories discussed on

2

pages 8–24 of Exhibit E to the Halloin Affidavit (Docket #567-5). But this information can be protected by simply redacting the minors' first names whenever they appear in full (and not just by their initials) in the settlement agreement and by redacting pages 8–24 from Exhibit E to Halloin's affidavit.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion to seal (Docket #565) is **GRANTED IN PART** and **DENIED IN PART**. The clerk shall unseal the documents at Docket #566, 566-1, 567, 567-3, 567-4 and 567-6.

**IT IS FURTHER ORDERED** that within **5 days** of this order plaintiffs' shall submit redacted copies of Exhibit A, B and E to the Affidavit of Scott R. Halloin (Docket #567-1, 567-2, 567-5) so these documents can be publicly filed.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2014.

                                         s/ Lynn Adelman
                                         _____
                                         LYNN ADELMAN
                                         District Judge