DAVID S. GRONIK, JR. and MARY K. GRONIK,
S.C.B.,
MAG.,
DAVID S. GRONIK, JR. LIVING TRUST,

OPIO BOAT MOON, LLC,

       Plaintiffs,

v.                                                                   Case No. 10-CV-954

NORMAN BALTHASAR and SUSAN BALTHASAR,

       Defendants,

   and

SHOREWEST REALTORS, INC., CONTINENTAL
CASUALTY COMPANY, and ANNE SCHWARTZ,

       Third-Party Defendants.
   and

OPIO BOAT MOON, LLC, and DAVID S. GRONIK, JR.,

       Plaintiffs,
v.                                                                   Case No.11-CV-00697

CHUBB INDEMNITY INSURANCE COMPANY

       Defendant.

## DEFENDANT CHUBB INDEMNITY INSURANCE COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

Defendant, Chubb Indemnity Insurance Company ("Chubb"), by and through its attorneys, Borgelt, Powell, Peterson & Frauen S.C. and Tressler, LLP, submits its Motion for

Summary Judgment.

1.  Chubb is entitled to summary judgment because it does not owe any additional insurance coverage to its insureds, Opio Boat Moon, LLC and David S. Gronik, Jr. (collectively, the "Groniks"), for the reasons set forth below and in the brief accompanying this motion.

2.  The appraisal award (the "Award"), which this Court confirmed, represents the total potentially covered loss to the property located at 7736 N. Beach Drive, Fox Point, Wisconsin (the "Property"). Chubb has paid all portions of that Award that represent covered damage to the Property and, for the reasons set forth in the accompanying brief, Chubb does not owe the Groniks anything further for the balance of the Award.

3.  Chubb has also paid all that it owes with respect to the Groniks' additional living expenses claim. Chubb therefore does not owe the Groniks anything further for additional living expenses.

4.  Additionally, Chubb properly denied coverage for the Groniks' personal property claim, and does not owe coverage for the Groniks' personal property.

5.  Chubb therefore is entitled to summary judgment, finding that Chubb has paid everything that it owes to the Groniks for this loss, has not breached the insurance policy, and has no further obligations to the Groniks under the insurance policy, as a matter of law.

6.  Further, because Chubb properly paid everything that it owes to the Groniks under the terms of the insurance policy or, at a minimum, there is a *bona fide* and good faith dispute over the amount of covered loss, did not act in bad faith as a matter of law.

WHEREFORE, Defendant Chubb Indemnity Insurance Company respectfully requests that this Court:

1) Enter summary judgment finding and declaring that Chubb has not breached the insurance contract, but rather has properly paid all amounts that it owes under the Chubb Policy for the loss at the Property, whether for permanent repairs, contents, or additional living expenses;

2) Enter summary judgment finding that Chubb did not act in bad faith in its handling of the Groniks' claim; and

3) For such other and further relief as the Court deems just and appropriate under the circumstances.

Dated August 29, 2014

CHUBB INDEMNITY INSURANCE COMPANY

/s/ Frederick Strampe
Frederick J. Strampe
Borgelt, Powell, Peterson & Frauen S.C.
735 North Water Street, 15th Floor
Milwaukee, Wisconsin 53202
(414) 276-3600

And

Todd S. Schenk
Ann E. O'Connor
Tressler LLP
233 South Wacker, 22nd Floor
Chicago, Illinois 60606
(312) 627-4000