**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
_____

**DAVID S. GRONIK, JR., et al.,**
                Plaintiffs,

v.                                                   Case No. 10-cv-0954

**SUSAN BALTHASAR, et al.,**
                Defendants,

and

**SHOREWEST REALTORS, INC.,**
**CONTINENTAL CASUALTY COMPANY, and**
**ANNE SCHWARTZ,**
                Third-Party Defendants,

and

**OPIO BOAT MOON, LLC, et al.,**
                  Plaintiffs,

v.                                                   Case No. 11-cv-0697

**CHUBB INDEMNITY INSURANCE COMPANY,**
                Defendant.
_____

## **DECISION AND ORDER**

On March 3, 2015, I issued a summary judgment decision in this case. Defendant Chubb Indemnity Insurance Company ("Chubb") has now brought it to my attention that I inadvertently failed to address one issue raised in its summary judgment motion, the question of whether Chubb owes plaintiffs additional compensation for mold remediation costs. I address this issue now.[1]

---

[1] I incorporate the facts and legal analysis from my original summary judgment decision in this decision.

The appraisal awarded plaintiffs $88,063.41 for mold remediation expenses. However, plaintiffs' insurance policy only obligated Chubb to "pay up to a total of $10,000 . . . for mold remediation expenses" for each occurrence. Mortensen Aff. Ex. A, at 33 (ECF No. 666-1); *see id.* at 18. Chubb has paid plaintiffs $10,000 for remediation expenses but argues that it owes no more under the policy. Plaintiffs argue that Chubb still owes them $20,000 because the mold remediation costs were incurred as a result of three separate occurrences, for which they submitted three separate proofs of loss.

Chubb's summary judgment argument on this issue is insufficiently developed, and taking all inferences in favor of plaintiffs, as I must, I conclude that there is a genuine issue of material fact as to whether the mold remediation expenses were incurred as a result of one occurrence or three separate occurrences. *See* Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This question must be answered by the fact finder.

**THEREFORE, IT IS ORDERED** that defendant's motion for clarification (ECF No. 724) is **GRANTED**. Summary judgment on the issue of mold remediation expenses is denied.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge