DAVID S. GRONIK, JR. and MARY K. GRONIK,
S.C.G.,
M.A.G.,
DAVID S. GRONIK, JR. LIVING TRUST,
by Its Trustee David S. Gronik, Jr.,
OPIO BOAT MOON, LLC,

       Plaintiffs,

    v.                                                         Case No. 10-CV-954

SUSAN BALTHASAR and
ESTATE OF NORMAN J. BALTHASAR,
by Susan M. Balthasar as Personal Representative
of the Estate of Norman J. Balthasar,

       Defendants and Third-Party Plaintiffs,

   and

WEST BEND MUTUAL INSURANCE COMPANY,

       Intervenor Plaintiff,

    v.

SHOREWEST REALTORS, INC.,
CONTINENTAL CASUALTY COMPANY, and
ANNE SCHWARTZ,

       Third-Party Defendants,

   and

OPIO BOAT MOON, LLC, and DAVID S. GRONIK, JR.,

       Plaintiffs,

    v.

CHUBB INDEMNITY INSURANCE COMPANY,

       Defendant.

## THE GRONIKS' BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, MOTION TO QUASH, AND MOTION TO STRIKE

On July 2, 2014, Chubb filed a motion for leave to amend its answer and counterclaims to add a cause of action for setoff. (DN 650.) In its brief, Chubb requested written discovery regarding the settlement agreement, but promised no depositions would be necessary. (DN 651, p.12.) The Court granted Chubb's motion on March 3, 2015. (DN 720.) Since that time, Chubb has done the following:

1. Sought mediation communications between the Groniks and the settling parties and between the Groniks and the mediator, including copies of mediation statements;

2. Issued subpoenas to the law offices of the Balthasars', Shorewest Realtors', Anne Schwartz's, and Ted Dentice's counsel seeking copies of mediation communications; and

3. Amended its Rule 26 disclosures to add Ralph Weber (the Balthasars' personal counsel), Wendy Gunderson and Tim Bascom (the Balthasars' Chubb-appointed counsel), and Mike Aprahamian (Shorewest Realtors', Anne Schwartz's, and Ted Dentice's counsel and now a sitting judge in Waukesha County Circuit Court) as fact witnesses.

For the reasons set forth herein, the Groniks request that the Court issue a protective order to protect these mediation communications from discovery, quash the subpoenas served on the settling defendants' counsel, and strike the Rule 26 witness disclosures of the settling defendants' counsel.

I. **Standards of Review.**

   A. **Protective Orders Pursuant to Rule 26(c).**

Under Federal Rule of Civil Procedure 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

2

oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

### B. Motions to Quash Pursuant to Rule 45(d).

Under Federal Rule of Civil Procedure 45(d)(3), the Court "for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter. . . ." Fed. R. Civ. P. 45(d)(3).

## II. The Mediation Materials and Communications Are Not Discoverable and Should Be Protected From Disclosure by a Protective Order.

On April 14, 2015, Chubb issued interrogatories and requests for production of documents to the Groniks. (Halloin Aff. Ex. A.) The interrogatories make inquiries related to the June 13, 2013 mediation and settlement, including who proposed the allocation of proceeds term of settlement, what explanation was offered related to that term, whether anyone objected to that term, who objected to that term, and what the basis of any objection was. (Halloin Aff. Ex. A.)

The requests for production of documents seek: (1) any mediation statements submitted to mediator Antonio Piazza; (2) communications with Mr. Piazza; (3) drafts of the August 6, 2013 settlement agreement; (4) communications with anyone regarding the allocation of proceeds provision; and (5) communications with anyone regarding paragraph 12(b) of the settlement agreement (which relates to admissibility of the settlement agreement in this action). (Halloin Aff. Ex. A.)

There is good cause to issue a protective order. The information sought by

3

Chubb is not discoverable because the information relates to discussions that were part of the mediation. As such, the Groniks respectfully request that this Court protect the disclosure of these materials with a protective order.

Under Federal Rule of Evidence 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Wisconsin state law supplies the rules of decision for all of the claims and defenses involved in this litigation; as such, the Wisconsin mediation privilege applies. *See Doe v. Archdiocese of Milwaukee*, 772 F.3d 437, 440 (7th Cir. 2014) (holding that Wisconsin's mediation privilege, not federal common law, applied because Wisconsin law provided the rule of decision regarding plaintiff's claims). Wisconsin Statutes section 904.085(3)(a) provides that "no oral or written communication relating to a dispute in mediation made or presented in mediation by the mediator or a party is admissible in evidence or *subject to discovery* or compulsory process in any judicial or administrative proceeding." Wis. Stat. § 904.085(3)(a) (emphasis added).

The information sought by Chubb relates to what happened during the course of mediation. But what happened during mediation is <u>not</u> discoverable. With respect to the interrogatories, Chubb wants to know who proposed a term of settlement, what explanation was offered, whether anyone objected, who objected, and what the basis of any objection was. (Halloin Aff. Ex. A.) Those categories fit squarely within the language of section 904.085(3)(a)—"communication[s] . . . presented in mediation." That information is not discoverable.

Chubb's document requests seek similar information, but in a different format,

4

including mediation statements and communications with the mediator, as well as communications related to terms agreed to during mediation.[1] (Halloin Aff. Ex. A.) Once again, "no . . . written communication relating to a dispute in mediation made or presented in mediation by . . . a party is . . . subject to discovery." Wis. Stat. § 904.085(3)(a). Accordingly, Chubb's interrogatories and document requests seek information that is not discoverable. The Groniks, therefore, respectfully request that this Court issue a protective order to protect these materials from disclosure.

### III. The Subpoenas Should be Quashed Because They Also Seek Protected Material.

On April 15, 2015, Chubb served subpoenas duces tecum on: (1) Foley & Lardner, LLP; (2) Gass Weber Mullins LLC; (3) Smith, Gunderson & Rowen, S.C.; and (4) Bascom, Budish & Ceman, S.C. (Halloin Aff. Exs. B, C, D, E.) The subpoenas demand production of communications between each firm and anyone else regarding certain terms of settlement—the same terms of settlement that are the subject of Chubb's discovery requests discussed in Section II.[2] (*Id.*)

For the same reasons that a protective order should be issued, the subpoenas served upon the settling defendants' law firms should be quashed. Wis. Stat. §

---

[1] Importantly, the successful mediation did not only resolve claims in this consolidated federal court action. As the Court is aware, the mediation also resolved the Groniks' claims against Shorewest Realtors, Inc., Anne Schwartz, and Ted Dentice that were pending in Milwaukee County Circuit Court as case number 12-CV-3452.

[2] Chubb was, in fact, a party to the communications it is seeking. The Court may recall that the June 13, 2013 handwritten settlement agreement was signed by David Westrup of von Briesen & Roper, s.c., "as counsel for Chubb Indemnity Insurance Company and Federal Insurance Company." (DN 732-1, p.3.) Earlier in the case, Mr. Westrup appeared for Chubb and informed the Court that his law firm "represents Chubb Indemnity Insurance Company with respect to coverage issues." (DN 35, p.1.)

5

904.085(3)(a). The subpoenas seek protected materials that are not subject to discovery. Fed. R. Civ. P. 45(d)(3)(A)(iii).

## IV. Chubb's Supplemental Rule 26(a)(1) Disclosures Should be Stricken.

On April 28, 2015, Chubb filed with this Court supplemental Rule 26(a)(1) disclosures to disclose Ralph Weber, Wendy Gunderson, Tim Bascom, and Mike Aprahamian as persons who may have discoverable information.[3] (DN 733, p.3.) As for the subject of the information they may have, Chubb stated "information regarding the settlement reached between the Groniks and the Balthasars and Shorewest, and the terms contained therein." (DN 733, pp.3–4.)

The only conceivable reason that Chubb has identified the settling defendants' attorneys as witnesses is that Chubb intends to have these witnesses testify about mediation discussions. For the same reasons discussed above, however, these discussions are not discoverable. Accordingly, the Groniks respectfully request that the Court strike these four witnesses from Chubb's supplemental Rule 26(a)(1) disclosure.

Dated May 4, 2015.

---

[3] As the Court is aware, Mr. Weber represented the Balthasars, Ms. Gunderson and Mr. Bascom were appointed by Chubb to represent the Balthasars, and Mr. Aprahamian represented Shorewest Realtors, Ann Schwartz, and Ted Dentice (and is now a sitting judge in Waukesha County Circuit Court).

**HALLOIN & MURDOCK, S.C.**
Attorneys for Plaintiffs

 s/ Scott R. Halloin
Scott R. Halloin
State Bar No. 1024669
James J. Irvine
State Bar No. 1088726

HALLOIN & MURDOCK, S.C.
839 North Jefferson Street
Fifth Floor
Milwaukee, Wisconsin 53202
p 414-732-2424
f  414-732-2422
shalloin@halloinmurdock.com
jirvine@halloinmurdock.com
S:\Clients\Gronik\7736 North Beach Drive\Balthasar Action\Pleadings\Br. Supp. Mot. Prot. Ord., Quash, Strike.wpd