UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DAVID S. GRONIK, JR., et al.,
        Plaintiffs,

v.         Case No. 10-cv-0954

SUSAN BALTHASAR, et al.,
        Defendants,

and

SHOREWEST REALTORS, INC.,
CONTINENTAL CASUALTY COMPANY, and
ANNE SCHWARTZ,
        Third-Party Defendants,

and

OPIO BOAT MOON, LLC, et al.,
        Plaintiffs,

v.         Case No. 11-cv-0697

CHUBB INDEMNITY INSURANCE COMPANY,
        Defendant.
_____

## DECISION AND ORDER

Plaintiffs, the Groniks, brought this diversity case against defendant Chubb Indemnity Insurance Company ("Chubb") to recover for damages to their home under their homeowners' insurance policy. On March 3, I granted Chubb's motion to amend its answer to add a counterclaim for a set-off based on plaintiffs' settlement with the defendants in a related case, the Balthasar case, which has been consolidated with the present case. The Balthasars sold the home in question to plaintiffs. I also allowed limited discovery on the setoff counterclaim. Before me now are several motions related to Chubb's setoff

counterclaim.

## I. Motion for Judgment on the Pleadings

In their opposition brief to Chubb's motion to add the setoff counterclaim, plaintiffs included conclusory arguments that Chubb was not entitled to a setoff counterclaim under Wisconsin law. Because plaintiffs did not support these arguments at the motion to amend stage, I did not address them. In their pending motion for judgment on the pleadings, plaintiffs once again contend that Chubb's setoff counterclaim fails as a matter of law. Because these arguments are more fully developed, I now address them.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12© is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). To survive plaintiffs' motion, Chubb must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I accept the complaint's factual allegations as true, but allegations in the form of legal conclusions are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Chubb's counterclaim seeks a declaration that "Chubb is entitled to a setoff from amounts that have been or will be paid to the Groniks as a result of the Settlement Agreement" between plaintiffs and the Balthasar defendants. Am. Answer at 36–37 (ECF No. 726). Chubb describes this as an "equitable right to setoff," Chubb's Resp. to Groniks' Mot. for J. on the Pleadings at 5 (ECF No. 761), and cites *Ill. Sch. Dist. Agency v. Pac. Ins. Co. Ltd.* for the proposition that "[t]o prevent double recovery by plaintiffs, defendants are entitled to a reduction in damages–sometimes called a 'setoff'–to offset any amounts that

2

the plaintiff already has collected from other sources in compensation for the same injury." 571 F.3d 611, 615–16 (7th Cir. 2009) (applying Illinois law).

Chubb points to no support for its setoff claim in Wisconsin law, and I have found none. Generally, a "setoff" is an equitable counterclaim against a plaintiff used to reduce a defendant's damages by an amount plaintiff already owes defendant arising from an independent transaction or claim. *O'Brien v. Freiley*, 130 Wis. 2d 174, 180 n.4 (Ct. App. 1986) ("Setoff and recoupment are doctrines related to a demand that a defendant has against a plaintiff arising out of a separate transaction (setoff) or the same transaction (recoupment). . . . Setoff is a mode which equity adopts to compel the ultimate payment of a debt who in justice, equity and good conscience ought to pay it."). *See also Equitable setoff*, *Black's Law Dictionary* (10th ed. 2014) (defining "equitable setoff" as "[a] defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim" or "[a] debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor"); 20 Am. Jur. 2d § 6 (2015) ("The doctrine of setoff . . . is essentially an equitable one, requiring that the demands of mutually indebted parties be set off against each other and that only the balance be recovered in a judicial proceeding by one party against the other."). Chubb's claim does not meet this definition. Chubb does not claim that plaintiffs owe it any outstanding debt; rather, Chubb argues that plaintiffs' recovery from the Balthasar defendants relieves Chubb of any obligation to pay for losses covered by the Balthasar settlement. This type of claim does not seem to meet the definition of a "setoff" under Wisconsin law, and I have found no other type of relief resembling what Chubb requests available in Wisconsin.

Further, Chubb admits that its counterclaim, whether a setoff or something else, is

3

equitable in nature. However, under Wisconsin law, equitable remedies are not available when the parties have entered into a contract. *Meyer v. The Laser Vision Inst.*, 290 Wis. 2d 764, 780–81 (Ct. App. 2006) ("[T]he general rule [is] that the existence of a contractual relationship will bar an equitable claim."). Here, the parties' relationship is governed by contract, namely the homeowner's insurance policy, and thus I must look to the contract, not equity, to determine Chubb's available remedies. The policy does not entitle Chubb to the type of "setoff" remedy it now seeks. The only portion of the contract which arguably entitles Chubb to the type of remedy it seeks is a clause which vests Chubb with subrogation rights; however, Chubb itself acknowledges that subrogation and its setoff counterclaim are different in nature, and even if Chubb's subrogation rights somehow entitled it to the type of relief it now seeks, Chubb concedes that it has waived those contractual subrogation rights.

Even if I were to look past the fact that Wisconsin law does not afford Chubb equitable relief because it has contractual remedies available and the fact that the type of equitable relief Chubb seeks does not appear to exist under Wisconsin law, allowing Chubb to reduce its damages by the amount plaintiffs recovered from the Balthasar defendants for the same losses would not be an equitable result, and Wisconsin law supports this conclusion. Although Wisconsin law recognizes that double recovery by plaintiffs is against public policy, *Lagerstrom v. Myrtle Werth Hosp.-Mayo Health Sys.*, 285 Wis. 2d 1, 20 (2005), it also embraces policies which "allow the insured to receive the benefit of the premiums paid for coverage that he or she had the foresight to purchase." *Orlowski v. State Farm Mut. Auto. Ins. Co.*, 339 Wis. 2d 1, 14 (2012). In a situation where an insured has paid a premium to an insurance company for the benefit of coverage, he

4

should receive that benefit regardless of whether he is able to obtain payment for the same loss from another source. *Id.* at 18–19 (rejecting the notion that insured would obtain a double recovery where insured had paid a premium for both health insurance and uninsured motorist insurance). *See also* 3 Russell M. Ware, *The Law of Damages in Wisconsin* § 33.18 (6th ed. 2014) ("In a breach-of-contract claim, a defendant is not entitled to a reduction in the plaintiff's damages to the extent that the plaintiff has been compensated by a collateral source."). Again, the language of the insurance policy at issue in this case obligates Chubb to cover certain types of property damage, and it does not limit that coverage only to situations in which plaintiffs are unable to obtain payment for the damage from elsewhere. Plaintiffs paid a premium for their coverage, and under Wisconsin law, they are entitled to the benefits. Thus, I will grant plaintiffs' motion to dismiss Chubb's setoff counterclaim.

## II. Setoff Counterclaim Discovery Motions

There are several pending motions related to discovery issues on Chubb's setoff counterclaim. Because I am dismissing the setoff counterclaim, I will deny these motions as moot.

However, I will briefly address one question, namely whether Chubb may obtain information related to mediation materials regarding the Balthasar-Gronik settlement through discovery. Even if I were to allow Chubb proceed with its setoff counterclaim, it would not be entitled to mediation-related discovery. Wisconsin's mediation privilege statute bars discovery of "oral or written communication relating to a dispute in mediation made or presented in mediation by the mediator or a party . . . in any judicial or

5

administrative proceeding."[1] Wis. Stat. § 904.085(3)(a). The settlement-related communications Chubb seeks appear to fall under the purview of this statute. Nor is Chubb's request within the statute's exception, which allows a court to admit mediation-related evidence in an action "distinct from the dispute whose settlement is attempted through mediation" if it determines admission is necessary to prevent a manifest injustice, § 904.085(4)(e). This is so because this action is not "distinct from the dispute whose settlement [was] attempted through mediation." Although these are two separate cases, they have been consolidated and turn on the same underlying events. Additionally, the mediation at which plaintiffs and the Balthasar defendants ultimately reached an agreement was aimed at settling all claims, not just plaintiffs' claims against the Balthasar defendants. *See Doe v. Archdiocese of Milwaukee*, 772 F.3d 437, 441–42 (7th Cir. 2014) (concluding that separate claims are not "distinct" if they involve the same underlying subject matter). Thus, even if Chubb were able to proceed with its counterclaim, it would not be able to use mediation-related materials to do so.

### III. Motion to Clarify Scope of Trial

Finally, plaintiffs have filed a motion asking me to clarify the scope of the trial and requesting that its bad faith claim be tried at the same time as the coverage issues. I will deny this motion. This case has proceeded on the premise that the coverage and bad faith issues would be bifurcated. I have denied Chubb discovery related to the bad faith claim

---

[1] Although this case is in federal court, this is a diversity action alleging state law claims, and Wisconsin's mediation privilege law applies. *See Doe. v. Archdiocese of Milwaukee*, 772 F.3d 437, 440 (7th Cir. 2014) (citing Fed. R. Evid. 501, which states that "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision").

on these grounds and to now require Chubb to try the bad faith claim without the benefit of full discovery would prejudice it. Further, evidence related to the bad faith claim is likely to prejudice the jury against Chubb when it comes to coverage issues. *See Dahmen v. Am. Family Mut. Ins. Co.*, 247 Wis. 2d 541, 552 (Ct. App. 2001) ("[W]e are not satisfied that the use of properly drafted jury instructions and a special verdict will sufficiently remedy the prejudice that would likely result if the two claims are litigated in a single trial. . . . [T]he risk for jury confusion and prejudice to [defendant] is substantial."). Finally, waiting to litigate the bad faith claim until after a jury has determined coverage will be more efficient because the parties will only need to conduct discovery and present evidence related to those items for which a jury actually concludes were covered by the policy.

## VI. Conclusion

**THEREFORE, IT IS ORDERED** that plaintiffs' motion for judgment on the pleadings (ECF No. 755) is **GRANTED**. Defendant's setoff counterclaim is dismissed, and plaintiffs' corresponding motion in (ECF No. 755) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Foley & Lardner LLP's motion for protective order (ECF No. 735) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for protective order, motion to quash, and motion to strike (ECF No. 737) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that defendant's motion to strike deposition notice (ECF No. 742) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that defendant's motion to strike expert report (ECF No. 748) is **DENIED** as **MOOT**.

7

**IT IS FURTHER ORDERED** that plaintiffs' motion to clarify scope of trial (ECF No. 757) is **DENIED**.

**IT IS FURTHER ORDERED** that a telephonic status conference is scheduled for **August 12, 2015 at 11:45 a.m. CST** to discuss whether the parties are open to further mediation efforts. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge